*284 Opinion op the Court, by
Ch. J. Boyle.
THIS was an action for the trover and conversion of a slave, in which the appellees were plaintiffs and the appellant defendant in (he court below. The ge-neral issue was pleaded, wfilh leave to give the special matter in'evidence. On the trial the plaintiffs proved that the s^!lve question had been the property of Robert E. Kelly, and they produced in evidence,a mortgage on the slave in question, and other articles ofproperty, ex-e.cuted by Kelly to them, bearing date the first of Augnst? 1820, and recorded in the proper office in due time, and conditioned to indemnify them as sureties to him; for the payment of certain debts therein mention-CC^ Lhe defendant read in evidence a mortgage upon the same slave and other property, executed by Kelly to Holder and Breck, bearing date the third of April, *285 1820, and'admitted to record in.the propef.office in the timé' required by law, and conditioned to indemnify Holder and Breck as sureties of Kelly, for the, payment of other detíls (heréfii mentioned. The plaintiffs then proved, that the debts which the mortgage to Holder and Breck had been given to secure them, against as Kelly’s sureties, had been paid by Kelly, and that Hoj-dgaraud Breck had been released by the payment thd^eof fuorn their engagements as'sureties for him, on or before the 25th day of August, 1821; and that it was on that day that the defendant took the slave in question from Kelly, in whose possession she had remained, notwithstanding the mortgages given by him. On this state of case, the defendant moved the court to instruct the jury, that if they should believe from the evidence, that the mortgage from Kelly to Holder and Breck, had not been extinguished when the mortgage to the plaintiffs was executed, the plaintiffs could not recover; but the court refused to give thd instruction.
AdmiltShg thatthemort-gager- hi*asclf would be es-topped from denying that be had the legal title when he executed the second mortgage, the first mortgagee would not be estopped.
Whether the circuit court erred in not so instructing the jury, is the first question presented by the’assignment of error.
As the mortgage given to Holder and Breck on the slave, was executed by Kelly previous to the execution of that under which the plaintiffs claimed, it is clear that Kelly, at the time he executed the latter mortgage, could not have had the legal title in the slave, and, of course, he could not have passed the legal title to the plaintiffs. It is true, that the legal title which vested in Holder and Breck by the previous mortgage, was subject to the condition of being defeated by the payment of the debts for which they were Kelly’s sureties, and when he afterwards performed the condition by discharging those debts, the legal title which they held must have been defeated; and if such a condition were assignable at law, the mortgage to the plaintiffs might, perhaps, with propriety, be construed to be an assignment thereof, and the legal title, of which the previous mortgagees were divested by the performance of the condition, have vested in the plaintiffs. But such a. condition is not, we apprehend, assignable, according hs the principles of the common law, and it is certainly not made assignable by any statutory provision in, force m this country. The legal title, therefore, of which the previous mortgagees had been divested by the perfurm- *286 anee of the condition upon which they held it, at the ^me ibe execution of the mortgage to the plaintiffs, must have revested in Kelly, and not in the plaintiffs; and without the legal title in them, they coiild not maintain the action.
The legal title in absolute property, was not indeed neegssary to enable them to recover. A special property'resulting from possession alone, would have been sufficient against one having no right; but it appears, that they never had the possession of the slave in question, and, of course, they could not have had any special property resulting from the possession.
It is probable that the circuit court decided upon the-ground of the mortgage to the plaintiffs operating as an estoppel to the defendant to deny that Kelly had the legal title, at the time of executing the mortgage to the plaintiffs; but that ground, we conceive, is' evidently untenable. Had the suit been brought against Kelly, he, no doubt, would have been estopped by his mortgage; but the defendant was neither party nor privy to the deed, and one- who is a mere stranger to a deed,, cannot be estopped by it.
The circuit court erred, therefore, in not giving the instruction as asked by the defendant.
There are other points made by the assignment of error; but as the one already decided goes to defeat the plaintiffs’ right of recovery, it is unnecessary to notice the others.
The judgment must be reversed with costs, and the cause be remanded for other proceedings to be had not ■inconsistent with this opinion.